**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**

| | |
|---|---|
| **MIKE SPINDLER, CARL CANADY, ADAM MOYERS, BRAYDEN REINCE, THOMAS BARRATH, ALEXANDRE DUTRISAC, LANCE HUNTER, ADAM KNAUER, ARNOLDAS KURBANOVAS, EDWARD ROJAS, DEREK DURST, ARNOLD VILLA, PEDRO VITERI, and,** *on Behalf of Themselves and All Others Similarly Situated,* | ) ) ) ) ) ) ) ) ) )   **Case No.:**   5:22CV-137-BJB |
| **Plaintiffs,** | ) ) ) |
| **v.** | )   **JURY DEMAND** ) ) |
| **JUST A BIT OF COIN, LTD, STEVEN DRAWDY, and GEORGE LAVOY GRAHAM** | ) ) ) ) |
| **Defendants.** | ) |

---

## REPRESENTATIVE CLASS ACTION COMPLAINT

---

COME NOW the Plaintiffs, Mike Spindler, Carl Canady, Adam Moyers, Brayden Reince, Thomas Barrath, Alexandre Dutrisac, Lance Hunter, Adam Knauer, Arnoldas Kurbanovas, Edward Rojas, Derek Durst, Arnold Villa, and Pedro Viteri, (collectively "Named Plaintiffs"), on behalf of themselves and all others similarly situated, by and through their undersigned counsel, and state as follows:

### NATURE OF THE COMPLAINT

1. Named Plaintiffs bring this action against Defendants Just a Bit of Coin, Ltd, Steven Drawdy, and George Lavoy Graham for damages resulting from the allegations set forth below. Named Plaintiffs allege, on behalf of themselves and all others similarly situated, that Defendants used wire communications in interstate commerce to fraudulently or negligently induce them to

enter contracts to purchase Bitcoin mining machines for which Defendants accepted payment but which they did not intend to and have not delivered and for which they have refused to issue refunds.

## JURISDICTION AND VENUE

2. This Court has diversity jurisdiction of this action pursuant to 28 U.S.C. § 1332(a) because it is between citizens of different states and a foreign country, and the amount in controversy is greater than $75,000.00, exclusive of interests and costs. The Court further has diversity jurisdiction pursuant to 28 U.S.C. § 1332(d) because this matter is a proposed class action involving citizens of states and of a foreign country bringing claims against citizens of a state for which the total number of class members is unknown but whose aggregate claims, upon information and belief, exceed $5,000,000.00 in value.

3. This Court has supplemental jurisdiction over the Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367 because they derive from a common nucleus of operative fact and are so related to the claims within the Court's original jurisdiction that they are substantial parts of the same case or controversy under Article III of the United States Constitution.

4. This Court has personal jurisdiction over Defendant Just a Bit of Coin, Ltd, because it purposefully conducted business within McCracken County, Kentucky, which is located within this judicial district, and its actions had effects in this district.

5. This Court also has personal jurisdiction over Defendants Steven Drawdy and George Lavoy Graham because those Defendants are alter egos of Defendant Just a Bit of Coin, Ltd since the individual Defendants, upon information and belief, own or control the corporate Defendant and, through their control, establish the policies and practices to which the Named Plaintiffs and the putative members of this class action were subjected.

2

6.      Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the acts giving rise to this lawsuit occurred in this judicial district and Defendants conducted business and entered into contracts in McCracken County, Kentucky, which is located within this judicial district.

## PARTIES

### A.   Plaintiffs

*Named Plaintiffs*

7.      Plaintiff Mike Spindler was, at all relevant times, a resident of Paducah, McCracken County, Kentucky who contracted with Defendants and paid a substantial sum of money to Defendants in exchange for Bitcoin mining machines that Defendants failed to provide.

8.      Plaintiff Carl Canady was, at all relevant times, a resident of Wichita, Kansas who contracted with Defendants and paid a substantial sum of money to Defendants in exchange for Bitcoin mining machines that Defendants failed to provide.

9.      Plaintiff Adam Moyers was, at all relevant times, a resident of Paducah, McCracken County, Kentucky who contracted with Defendants and paid a substantial sum of money to Defendants in exchange for Bitcoin mining machines that Defendants failed to provide.

10.      Plaintiff Brayden Reince was, at all relevant times, a resident of Greenville, South Carolina who contracted with Defendants and paid a substantial sum of money to Defendants in exchange for Bitcoin mining machines that Defendants failed to provide.

11.      Plaintiff Thomas Barrath was, at all relevant times, a resident of Portland, Oregon who contracted with Defendants and paid a substantial sum of money to Defendants in exchange for Bitcoin mining machines that Defendants failed to provide.

12.     Plaintiff Alexandre Dutrisac was, at all relevant times, a resident of Canada who contracted with Defendants and paid a substantial sum of money to Defendants in exchange for Bitcoin mining machines that Defendants failed to provide.

13.     Plaintiff Lance Hunter was, at all relevant times, a resident of Jerome, Idaho who contracted with Defendants and paid a substantial sum of money to Defendants in exchange for Bitcoin mining machines that Defendants failed to provide.

14.     Plaintiff Adam Knauer was, at all relevant times, a resident of Albertville, Minnesota who contracted with Defendants and paid a substantial sum of money to Defendants in exchange for Bitcoin mining machines that Defendants failed to provide.

15.     Plaintiff Arnoldas Kurbanovas was, at all relevant times, a resident of Albany, New York who contracted with Defendants and paid a substantial sum of money to Defendants in exchange for Bitcoin mining machines that Defendants failed to provide.

16.     Plaintiff Edward Rojas was, at all relevant times, a resident of Katy, Texas who contracted with Defendants and paid a substantial sum of money to Defendants in exchange for Bitcoin mining machines that Defendants failed to provide.

17.     Plaintiff Derek Durst was, at all relevant times, a resident of Harrison City, Pennsylvania  who contracted with Defendants and paid a substantial sum of money to Defendants in exchange for Bitcoin mining machines that Defendants failed to provide.

18.     Plaintiff Arnold Villa was, at all relevant times, a resident of Lacey, Washington who contracted with Defendants and paid a substantial sum of money to Defendants in exchange for Bitcoin mining machines that Defendants failed to provide.

19.     Plaintiff Pedro Viteri was, at all relevant times, a resident of Charleston, South Carolina who contracted with Defendants and paid a substantial sum of money to Defendants in exchange for Bitcoin mining machines that Defendants failed to provide.

*Representative Action Members*

20.     The putative members of the representative action are similarly situated in that they (1) were fraudulently induced into a business transaction as result of Defendants' promises, (2) entered a contract with Defendants to purchase Bitcoin mining machines, (3) paid Defendants the requested contract amount following each business interaction, and (4) never received the machines for which they paid nor any refund of their payment.

**B.     Defendants**

21.     Defendant Just a Bit of Coin, Ltd is a Georgia corporation with its principal place of business located at 4620 Country Glen Cir, Grovetown, GA  30813.  Defendant Just a Bit of Coin, Ltd.'s registered agent is Defendant Steven Drawdy, who may be served at 4620 Country Glen Cir, Grovetown, GA  30813.

22.     Defendant Steven Drawdy is the Chief Executive Officer, Chief Financial Officer, and Secretary of Defendant Just a Bit of Coin, Ltd.  Upon information and belief, Defendant Drawdy owns and/or controls the corporate Defendant either solely or in conjunction with the other individual Defendant.  Defendant Drawdy may be served at 4620 County Glen Circle, Grovetown, GA  30813.

23.     Upon information and belief, Defendant George Lavoy Graham was the Chief Financial Officer of Defendant Just a Bit of Coin, Ltd from December 2021 to January 2022, a period during which the occurrences giving rise to this action occurred.  Defendant Graham may be served at 4622 Country Glen Circle, Grovetown, GA  30813.

24.     Upon information and belief, Defendant Graham owned and/or controlled the corporate Defendant either solely or in conjunction with Defendant Drawdy.

25.     Because the individual Defendants exercised common management over the Defendant Just a Bit of Coin Ltd and exercised common policies, practices, and oversight of the corporate Defendant, all Defendants are jointly and severally liable for the harms inflicted upon the Named Plaintiffs and the Members of the Class.

## RULE 23 CLASS-ACTION ALLEGATIONS

26.     Named Plaintiffs bring all Counts of this complaint as a class action pursuant to Fed. R. Civ. P. 23 on behalf of themselves and as a representative of the following Class:

> All persons who entered a contract with the Defendants during the previous year (1) to whom Defendants offered to provide the Bitcoin mining machines in exchange for money, (2) who tendered payment pursuant to the contracted agreement, and (3) as to whom Defendants accepted payment of money without providing the purchased products or a refund.

27.     The claims set out in Counts I through VIII, if certified for class-wide treatment, may be pursued by all similarly-situated persons who do not opt out of the class.

28.     Named Plaintiffs, individually and on behalf of all others similarly situated, seek relief on a class basis for Defendants' unlawful actions.

29.     The number and identity of other potential class members may be determined from Defendants' records and potential class members may easily and quickly be notified of the pendency of this action.

30.     Named Plaintiffs' claims satisfy the numerosity standard of a class action.  The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of potential class members is unknown and the facts needed for

calculation of that number are presently within the sole control of Defendants, Named Plaintiffs state that, upon information and belief, more than one hundred Class members exist.

31.     The Class is so large that individual lawsuits are impractical.

32.     Questions of law and fact common to members of the Class predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members.  Among the questions of law and fact common to Named Plaintiffs and the Class are:

> a.   Whether Defendants entered into contracts with the members of this Class;
>
> b.   Whether the individual Defendants are the alter-egos of the corporate Defendant;
>
> c.   Whether Defendants accepted payment from members of the Class; and
>
> d.   Whether Defendants failed to provide members of the Class with the products purchased or appropriate refunds.

33.     The claims of the Named Plaintiffs are typical of the claims of the Class and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

34.     Named Plaintiffs will fairly and adequately represent the interests of the Class and have retained counsel that is experienced and competent in the fields of business and contract law and class action litigation.  Named Plaintiffs have no interest that is contrary to or in conflict with those members of this class action.

## FACTUAL BACKGROUND

35.     Defendants operate or operated an online business building Bitcoin mining machines ("Machines") in interstate commerce for which they solicited business from all over the United States and at least one other country.

36.    Defendants told Named Plaintiffs and Class Members that, in exchange for payment in either U.S. Dollars or cryptocurrency, they would custom build Machines to the purchaser's specifications

37.    Defendants then accepted payment purportedly to begin building the Machine that was ordered.

38.    Yet, after receiving payment, Defendants told Named Plaintiffs and the Class Members that their product would be delayed due to COVID-19 Pandemic disruptions.

39.    Plaintiff Spindler, for example, paid $230,000.00 to Defendants for a Machine but was told during subsequent communications with Defendants that his machine could not be produced because "the parts were on backorder" with a Chinese supplier due to COVID-19 shutdowns in China.

40.    This statement was not true, however.

41.    Plaintiff Spindler kept in contact with the Defendants, frequently requested updates regarding his order, and maintained a friendly and professional relationship to protect his financial investment, which allowed him to identify the Chinese supplier.

42.    After identifying the Chinese supplier, Plaintiff Spindler was able to purchase the parts directly from the supplier with no issue.

43.    Defendants failed or refused to provide Named Plaintiffs or any Member of the Class with the specific Machine purchased under each contract.

44.    Defendants conducted the same operation against the other Named Plaintiffs and other Members of the Class, such that no Class Member has received either the Machine ordered or a refund of their contract price.

45.     Named Plaintiffs and Class Members have requested refunds or updates on their orders, but Defendants unlawfully refused to process any refund, often making threats or ignoring communications.

46.     When a Class Member was insistent on a refund, Defendants required that Named Plaintiffs and other Class Members pay a "Refund Processing Fee" that Defendants kept but Defendants still never returned the initial payments.

47.     Defendants continue to brag publicly about the profits made from this fraudulent business, frequently posting and bragging about the endeavor on Facebook.

48.     At this time, neither Named Plaintiffs nor any Class Member has received a Machine or refund from the Defendants.

## COUNT I

## CONDUCT AND PARTICIPATION IN A RICO ENTERPRISE
## THROUGH A PATTERN OF RACKETEERING ACTIVITY

50.     Named Plaintiffs, on behalf of themselves and all other similarly-situated customers of Defendants, reallege and incorporate herein the allegations contained in Paragraphs 1 through 49 as if they were set forth fully herein.

51.     At various times and places, all Defendants associated with a RICO enterprise of individuals who were associated in fact and who engaged in, and whose activities did affect, interstate commerce.

52.     Likewise, all Defendants conducted and/or participated in, either directly or indirectly, the conduct of the affairs of said RICO enterprise through a patten of racketeering activity, all in violation of 18 U.S.C. §§ 1962(c).

53.     During the ten calendar years preceding the filing of this action, Defendants cooperated jointly and severally in the commission of two or more of the RICO predicate acts that

are itemized in the RICO law at 18 U.S.C. §§ 1961 (1)(A) and (B) and did so in violation of the

RICO law at 18 U.S.C. 1962(c) (Prohibited activities).

54.    Pursuant to 84 Stat. 947, Sec. 904, Oct. 15, 1970, the RICO laws itemized above

are to be liberally construed by the Court.

## COUNT II

### VIOLATION OF 18 U.S.C. §§ 1343 AND 1349 – WIRE FRAUD

55.    Named Plaintiffs, on behalf of themselves and all other similarly-situated

customers of Defendants, reallege and incorporate herein the allegations contained in Paragraphs

1 through 54 as if they were set forth fully herein.

56.    Specifically, Defendants represented that:  (1) They could provide the products

requested by Class members, (2) the Machines would be provided within a reasonable time

following the order, (3) the Machines would conform to the requested specifications, (4) the

Machines would be built and delivered upon payment by the Plaintiffs, (5) the Machines would be

delivered after a supplier reopened following a shutdown, and (6) they would provide refunds in

exchange for a processing fee.

57.    Defendants intended to misrepresent their enterprise to receive payments from

Named Plaintiffs and other Members of this Class.

58.    By reason of the conduct described herein, Defendants violated, are violating, and

continue to violate 18 U.S.C. §§ 1343 and 1349 by executing or conspiring to execute schemes or

artifices to defraud, or for obtaining money or property by means of false or fraudulent pretenses

with the intent to defraud, and in doing so, transmitting or causing to be transmitted by means of

wire, radio, or television communication in interstate or foreign commerce writing, signs, signals,

pictures, or sounds for the purpose of executing such schemes or artifices.

59.     Upon a showing that Defendants are committing or about to commit wire fraud, conspiracy to commit wire fraud, or both, Named Plaintiffs and the Class Members are entitled to a temporary restraining order, a preliminary injunction, and a permanent injunction restraining all future fraudulent conduct and other action that this Court deems just in order to prevent a continuing and substantial injury to the victims of the Defendants pursuant to 18 U.S.C. § 1345.

60.     As a further result of the harm to Named Plaintiffs and the Class Members, Defendants' should be ordered to pay treble damages, attorneys' fees, and costs pursuant to 18 U.S.C. § 1964(c).

**COUNT III**

**FRAUD IN THE INDUCEMENT**

61.     Named Plaintiffs, on behalf of themselves and all other similarly-situated customers of Defendants, reallege and incorporate herein the allegations contained in Paragraphs 1 through 60 as if they were set forth fully herein.

62.     Defendants made several false representations of material fact regarding the Machine that Named Plaintiffs and other Class Members attempted to purchase.

63.     Specifically, Defendants represented that:  (1) They could provide the products requested by Class members, (2) the Machines would be provided within a reasonable time following the order, (3) the Machines would conform to the requested specifications, (4) the Machines would be built and delivered upon payment by the Plaintiffs, (5) the Machines would be delivered after a supplier reopened following a shutdown, and (6) the Defendants would provide refunds in exchange for a processing fee.  Defendants knew these representations were false.

64.    Defendants' statements were made for the purpose of and with the intent of inducing Named Plaintiffs and Members of the Class to pay for Machines Defendants knew they would not produce.

65.    Named Plaintiffs and the Class Members justifiably relied on Defendants' misrepresentations and placed orders for Machines, tendered payment to the Defendants, and, in some cases, paid refund processing fees, but Defendants neither produced the Machines nor provided refunds.

66.    Defendants provided frequent assurance that the Machines would be delivered, and they threatened those who demanded their money back.

67.    Named Plaintiffs and the Class Members were injured by Defendants' fraudulent misrepresentation and continue to be injured by the Defendants' failure to provide the Machines as requested.

68.    In addition to the sums paid to Defendants, Named Plaintiffs and the Class Members also incurred additional costs to purchase replacement Machines as well as damages in the form of lost profits, legal fees, and costs.

## COUNT IV

## BREACH OF CONTRACT

69.    Named Plaintiffs, on behalf of themselves and all other similarly-situated customers of Defendants, reallege and incorporate herein the allegations contained in Paragraphs 1 through 68 as if they were set forth fully herein.

70.    Defendants made offers to Named Plaintiffs and all Class Members to sell them custom-built Machines for various amounts of money and promised that, upon payment, the Machines would be delivered.

71.    Defendants accepted payment from Named Plaintiffs and all members of the Class for the Machines.

72.    Defendants never delivered the ordered Machines.

73.    Defendants breached each contract by accepting payment for Machines and, thereafter, failing to deliver the ordered Machines.

74.    After Defendants failed to perform, Named Plaintiffs and the Class Members lost the monies they paid to Defendants and incurred additional expenses to purchase replacement Machines as well as additional damages in the form of lost profits, legal fees, and costs.

<u>**COUNT V**</u>

**VIOLATION OF THE KENTUCKY CONSUMER PROTECTION ACT**

75.    Named Plaintiffs, on behalf of themselves and all other similarly-situated customers of Defendants, reallege and incorporate herein the allegations contained in Paragraphs 1 through 74 as if they were set forth fully herein.

76.    Named Plaintiffs and the Class Members are "person(s)" under Ky. Rev. Stat. § 367.110(1).

77.    Defendants' transactions with Named Plaintiffs and the Class Members constitute "trade" and "commerce" pursuant to Ky. Rev. Stat. § 367.110(2).

78.    Defendants engaged in "[u]nfair, false, misleading, or deceptive acts or practices in the conduct of any trade or commerce" in violation of KRS 367.170(1) by fraudulently inducing Named Plaintiffs and the Class Members into purchasing Machines without the intention of providing said product.

79.    Defendants continue to engage in their deceptive practices.

80.     Defendants' unfair practices offend public policy and the notions of business and commerce and will continue to harm persons who conduct business with them.

81.     As a result of Defendants' actions, Named Plaintiffs and the Class Members have suffered damages in the form of lost monies they paid to Defendants and incurred additional expenses to purchase replacement Machines as well as additional damages in the form of lost profits, legal fees, and costs.

## COUNT VI

## NEGLIGENCE *PER SE*

82.     Named Plaintiffs, on behalf of themselves and all other similarly-situated customers of Defendants, reallege and incorporate herein the allegations contained in Paragraphs 1 through 81 as if they were set forth fully herein.

83.     Defendants' actions complained of herein violate the provisions of the Kentucky Consumer Protection Act, Ky. Rev. Stat. § 367.110 *et seq.*, as described in Count V.

84.     This violation of the Kentucky Consumer Protection Act constitutes negligence *per se* pursuant to common law and/or Ky. Rev. Stat. § 446.070.

## COUNT VII

## NEGLIGENT MISREPRESENTATION

85.     Named Plaintiffs, on behalf of themselves and all other similarly-situated customers of Defendants, reallege and incorporate herein the allegations contained in Paragraphs 1 through 84 as if they were set forth fully herein.

86.     Defendants were responsible for managing the contracts and for purchasing or building and shipping Machines to Named Plaintiffs and Members of the Class.

87.    Defendants, through their promotion and advertising of their alleged service, made several false representations of material fact regarding the Machines.

88.    Specifically, Defendants represented that:  (1) They could provide the products requested by Class members, (2) the Machines would be provided within a reasonable time following the order, (3) the Machines would conform to the requested specifications, (4) the Machines would be built and delivered upon payment by the Plaintiffs, (5) the Machines would be delivered after a supplier reopened following a shutdown, and (6) the Defendants would provide refunds in exchange for a processing fee.

89.    Defendants knew those representations were false or recklessly disregarded whether they could perform as promised.

90.    Defendants intended to induce Named Plaintiffs and Class Members to rely upon these representations so they would tender payment to the Defendants.

91.    Named Plaintiffs and Class Members justifiably relied on Defendants' misrepresentations and tendered payment to the Defendants to purchase Machines.

92.    Named Plaintiffs and Class Members were injured when Defendants failed to produce the Machines they purchased.

93.    Named Plaintiffs and the Class Members suffered harm from Defendants' negligent misrepresentations in that they lost the monies they paid to Defendants and incurred additional expenses to purchase replacement Machines as well as additional damages in the form of lost profits, legal fees, and costs.

## COUNT VIII

### UNJUST ENRICHMENT

94.    Named Plaintiffs, on behalf of themselves and all other similarly-situated customers of Defendants, reallege and incorporate herein the allegations contained in Paragraphs 1 through 92 as if they were set forth fully herein.

95.    Defendants requested and received payments for the Machines that Named Plaintiffs and the Class Members ordered, but Defendants retained the payments without providing the ordered Machines.

96.    Defendants, instead, charged a fee to process the return payment, but still refused to return funds to Named Plaintiffs or any Member of the Class.

97.    Defendants received a financial benefit by receiving payments and refund processing fees, but refusing to provide either the ordered machines or to return the payments for those Machines.

98.    Defendants were unjustly enriched by retaining these funds without providing any product or service in return.

### PRAYER FOR RELIEF

WHEREFORE, Named Plaintiffs, on behalf of themselves and all proposed members of the representative action, pray for relief as follows:

1.    Designation of Plaintiffs as the Named Plaintiffs and as Representative Plaintiffs of the putative members of this action;

2.    Designation of this action as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the proposed members of the actions set out in all Counts and appointing Named Plaintiffs and their counsel to represent the Class;

3.    Declaration, judgment, and decree that the conduct alleged herein:

    i.   Constitutes an unreasonable and unlawful act in violation of the Racketeering Influenced Corrupt Organizations Act, 18 U.S.C. § 1961. *et seq,*); and

    ii.   Unjustly enriched Defendants;

4.    An injunction prohibiting Defendants' from continuing to pursue their unlawful business methods pursuant to 18 U.S.C. § 1345 and Ky. Rev. Stat. § 367.220(1);

5.    Damages to the Plaintiff Class to the maximum extent allowed under federal law and state law, trebled pursuant to 18 U.S.C. §1964(c) for Counts I and II;

6.    An award of compensatory damages to be paid by Defendants, jointly and severally, to Plaintiff and the putative members of the Class Action for Defendants' breach of their contractual duties pursuant to Count IV and negligent misrepresentation pursuant to Count VII;

7.    An award of punitive damages pursuant to Counts III, IV, V, VI, VI, and VIII;

8.    Disgorgement of all sums improperly received by Defendants and restitution of same to Named Plaintiffs and the putative members of the Class Action pursuant to all Counts;

9.    An award of attorney's fees and costs pursuant to 18 U.S.C. § 1964(c) and Ky. Rev. Stat. § 367.220(3);

10.    Pre-Judgment and Post-Judgment interest, as provided by law; and

11.    Any and all other and further legal and equitable relief as this Court deems necessary, just, and proper.

12.    Plaintiffs request a jury trial on all issues so triable.

Respectfully submitted,

  /s D. Wes Sullenger
D. Wes Sullenger, KY BAR # 91861
                TN BPR # 021714
                IL ARDC # 6322019

Sullenger Law Office, PLLC
2508 Jackson Street
Paducah, KY  42003

Voice: (270) 443-9401
Fax:    (270) 596-1082

wes@sullengerfirm.com

*Attorney for the Plaintiffs,*
*Mike Spindler, Carl Canady, Adam Moyers,*
*Brayden Reince, Thomas Barrath,*
*Alexandre Dutrisac, Lance Hunter, Adam*
*Knauer, Arnoldas Kurbanovas, Edward*
*Rojas, Derek Durst, Arnold Villa, Pedro*
*Viteri, and All Others Similarly Situated*