# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION

| | | |
|---|---|---|
| MIKE SPINDLER, CARL CANADY, ADAM MOYERS, BRAYDEN REINCE, THOMAS BARRATH, ALEXANDRE DUTRISAC, LANCE HUNTER, ADAM KNAUER, ARNOLDAS KURBANOVAS, EDWARD ROJAS, DEREK DURST, ARNOLD VILLA, PEDRO VITERI, DANIEL ANGELES, DAWID GAZUR, DANIEL HYMAN, PAUL KELLY, SCOTT SMITH, WINSTON WALKER, ANDREW ALPAUGH, MICHAEL RENO, and RANDON PRATHER, | ) ) ) ) ) ) ) ) ) ) ) ) | Case No.:    5:22CV-137-BJB |
| **Plaintiffs,** | ) ) ) | |
| v. | ) ) | **JURY DEMAND** |
| JUST A BIT OF COIN, LTD, STEVEN DRAWDY, DONALD DRAWDY, JOANN DRAWDY, GEORGE LAVOY GRAHAM, KOMGRIT DOKKUM, SDMD HOLDINGS, INC., OBSIDIAN RHINO SOLUTIONS, LLC., GGK'S LOG AND TRANS LLC, and GEORGE GRAHAM, JR. | ) ) ) ) ) ) ) ) ) ) | |
| **Defendants.** | ) | |

## FIRST AMENDED COMPLAINT

COME NOW the Plaintiffs, Mike Spindler, Carl Canady, Adam Moyers, Brayden Reince, Thomas Barrath, Alexandre Dutrisac, Lance Hunter, Adam Knauer, Arnoldas Kurbanovas, Edward Rojas, Derek Durst, Arnold Villa, Pedro Viteri, Daniel Angeles, Dawid Gazur, Daniel Hyman, Paul Kelly, Scott Smith, Winston Walker, Andrew Alpaugh, Michael Reno, and Randon Prather (collectively "Plaintiffs"), by and through their undersigned counsel, and, for their First Amended Complaint, state as follows:

## NATURE OF THE COMPLAINT

1. This is a civil action arising under the laws of the United States and of the Commonwealth of Kentucky, and is brought for engaging in a patten of racketeering activity, in violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1962(c), arising from wire fraud in violation of 18 U.S.C. §§ 1343 and 1349, as well as violation of the Kentucky Consumer Protection Act, Ky. Rev. Stat. § 367.110, *et seq.*, and common law fraud in the inducement, breach of contract, negligence *per se*, negligent misrepresentation, and unjust enrichment.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiffs' federal claims pursuant to the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1962(c), because they raise federal questions pursuant to 28 U.S.C. § 1331.

3. Alternatively, this Court has diversity jurisdiction of this action pursuant to 28 U.S.C. § 1332(a) because it is between citizens of different states and foreign countries, and the amount in controversy is greater than $75,000.00, exclusive of interests and costs.

4. This Court has supplemental jurisdiction over the Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367 because they derive from a common nucleus of operative fact and are so related to the claims within the Court's original jurisdiction that they are substantial parts of the same case or controversy under Article III of the United States Constitution.

5. This Court has personal jurisdiction over Defendants Just a Bit of Coin, Ltd. because it purposefully conducted business within McCracken County, Kentucky, which is located within this judicial district, and its actions had effects in this district.

6. This Court has personal jurisdiction over Defendants SDMD Holding, Inc., Obsidian Rhino Solutions, LLC., and GGK's Log and Trans, LLC because those Defendants are, upon information and belief, alter egos of Defendant Just a Bit of Coin.

7. This Court also has personal jurisdiction over Defendants Steven Drawdy, George Lavoy Graham, Donald Drawdy, Joann Drawdy, and Komgrit Dokkum because those Defendants are alter egos of Defendant Just a Bit of Coin, Ltd since the individual Defendants, upon information and belief, own or control the corporate Defendant and, through their control, establish the policies and practices to which the Plaintiffs were subjected.

8. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the acts giving rise to this lawsuit occurred in this judicial district and Defendants conducted business and entered into contracts in McCracken County, Kentucky, which is located within this judicial district.

**PARTIES**

**A.   Plaintiffs**

9. Plaintiff Mike Spindler was, at all relevant times, a resident of Paducah, McCracken County, Kentucky who contracted with Defendants and paid in excess of $75,000.00 to Defendants in exchange for Bitcoin mining machines that Defendants failed to provide.

10. Plaintiff Carl Canady was, at all relevant times, a resident of Wichita, Kansas who contracted with Defendants and paid approximately $30,000 to Defendants in exchange for Bitcoin mining machines that Defendants failed to provide.

11. Plaintiff Adam Moyers was, at all relevant times, a resident of Paducah, McCracken County, Kentucky who contracted with Defendants and paid over $27,000 to Defendants in exchange for Bitcoin mining machines that Defendants failed to provide.

12. Plaintiff Brayden Reince was, at all relevant times, a resident of Greenville, South Carolina who contracted with Defendants and paid a substantial sum of money to Defendants in exchange for Bitcoin mining machines that Defendants failed to provide.

13. Plaintiff Thomas Barrath was, at all relevant times, a resident of Portland, Oregon who contracted with Defendants and paid approximately $10,000 to Defendants in exchange for Bitcoin mining machines that Defendants failed to provide.

14. Plaintiff Alexandre Dutrisac was, at all relevant times, a resident of Canada who contracted with Defendants and paid approximately $5,000 to Defendants in exchange for Bitcoin mining machines that Defendants failed to provide.

15. Plaintiff Lance Hunter was, at all relevant times, a resident of Jerome, Idaho who contracted with Defendants and paid approximately $29,000 to Defendants in exchange for Bitcoin mining machines that Defendants failed to provide.

16. Plaintiff Adam Knauer was, at all relevant times, a resident of Albertville, Minnesota who contracted with Defendants and paid approximately $9,000 to Defendants in exchange for Bitcoin mining machines that Defendants failed to provide.

17. Plaintiff Arnoldas Kurbanovas was, at all relevant times, a resident of Albany, New York who contracted with Defendants and paid approximately $11,000 to Defendants in exchange for Bitcoin mining machines that Defendants failed to provide.

18. Plaintiff Edward Rojas was, at all relevant times, a resident of Katy, Texas who contracted with Defendants and paid approximately $7,000 to Defendants in exchange for Bitcoin mining machines that Defendants failed to provide.

19. Plaintiff Derek Durst was, at all relevant times, a resident of Harrison City, Pennsylvania who contracted with Defendants and paid a substantial sum of money to Defendants in exchange for Bitcoin mining machines that Defendants failed to provide.

20. Plaintiff Arnold Villa was, at all relevant times, a resident of Lacey, Washington who contracted with Defendants and paid approximately $7,000 to Defendants in exchange for Bitcoin mining machines that Defendants failed to provide.

21. Plaintiff Pedro Viteri was, at all relevant times, a resident of Charleston, South Carolina who contracted with Defendants and paid approximately $12,000 to Defendants in exchange for Bitcoin mining machines that Defendants failed to provide.

22. Plaintiff Daniel Angeles was, at all relevant times, a resident of Colorado Springs, Colorado who contracted with Defendants and paid approximately $6,000 to Defendants in exchange for Bitcoin mining machines that Defendants failed to provide.

23. Plaintiff Dawid Gazur was, at all relevant times, a resident of the United Kingdom who contracted with Defendants and paid approximately $7,000 to Defendants in exchange for Bitcoin mining machines that Defendants failed to provide.

24. Plaintiff Daniel Hyman was, at all relevant times, a resident of Fort Myers, Florida who contracted with Defendants and paid approximately $16,350 to Defendants in exchange for Bitcoin mining machines that Defendants failed to provide.

25. Plaintiff Paul Kelly was, at all relevant times, a resident of Bay Shore, New York who contracted with Defendants and paid approximately $19,500 to Defendants in exchange for Bitcoin mining machines that Defendants failed to provide.

26. Plaintiff Scott Smith was, at all relevant times, a resident of Saint Anne, Illinois who contracted with Defendants and paid approximately $7,500 to Defendants in exchange for Bitcoin mining machines that Defendants failed to provide.

27. Plaintiff Winston Walker was, at all relevant times, a resident of Colorado Springs, Colorado who contracted with Defendants and paid approximately $7,600 to Defendants in exchange for Bitcoin mining machines that Defendants failed to provide.

28. Plaintiff Andrew Alpaugh was, at all relevant times, a resident of Taylors, South Carolina who contracted with Defendants and paid a substantial sum of money to Defendants in exchange for Bitcoin mining machines that Defendants failed to provide.

29. Plaintiff Michael Reno was, at all relevant times, a resident of Chatsworth, California who contracted with Defendants and paid a substantial sum of money to Defendants in exchange for Bitcoin mining machines that Defendants failed to provide.

30. Plaintiff Randon Prather was, at all relevant times, a resident of Benton, Kentucky who contracted with Defendants and paid a substantial sum of money to Defendants in exchange for Bitcoin mining machines that Defendants failed to provide.

31. <u>Plaintiffs, singly and in combination, paid Defendants in excess of $75,000.00.</u>

**B.  Defendants**

32. Defendant Just a Bit of Coin, Ltd is a Georgia corporation with its principal place of business located at 4620 Country Glen Cir, Grovetown, GA 30813. Defendant Just a Bit of Coin, Ltd.'s registered agent is Defendant Steven Drawdy, who may be served at the Columbia County Detention Center, Post Office Box 310, Appling, GA 30802.

33. Defendant SDMD Holdings, Inc. is a Georgia corporation with its principal place of business located at 4620 County Glen Circle, Grovetown, GA 30813. Defendant SDMD

6

Holdings, Inc.'s registered agent is Defendant Steven Drawdy, who may be served at the Columbia County Detention Center, Post Office Box 310, Appling, GA 30802.

34. Defendant Obsidian Rhino Solutions LLC is a Georgia limited liability company with its principal place of business located at 4622 Country Glen Circle, Grovetown, GA 30813. Defendant Rhino Solutions LLC's registered agent is George Graham, Jr., who may be served at 4622 Country Glen Circle, Grovetown, GA 30813.

35. Defendant GGK's Log and Trans LLC is a Georgia limited liability company with its principal place of business located at 4622 Country Glen Circle, Grovetown, GA 30813. Defendant GGK's Log and Trans LLC's registered agent is Defendant George Lavoy Graham, who may be served at 4622 Country Glen Circle, Grovetown, GA 30813.

36. Defendant Steven Drawdy is the Chief Executive Officer, Chief Financial Officer, and Secretary of Defendant Just a Bit of Coin, Ltd. Upon information and belief, Defendant Drawdy owns and/or controls the corporate Defendant either solely or in conjunction with other individual Defendants. Defendant Drawdy may be served at the Columbia County Detention Center, Post Office Box 310, Appling, GA 30802.

37. Defendant Donald Drawdy was the Chief Financial Officer of Defendant Just a Bit of Coin, Ltd. Upon information and belief, Defendant Donald Drawdy owned and/or controlled the corporate Defendant either sole or in conjunction with other individual Defendants. Defendant Donald Drawdy may be served at 4669 Red Leaf Way, Martinez, GA 30907.

38. Defendant Joann Drawdy was the Secretary of Defendant Just a Bit of Coin, Ltd. Upon information and belief, Defendant Joann Drawdy owned and/or controlled the corporate Defendant either solely or in conjunction with other individual Defendants. Defendant Joann Drawdy may be served at 4669 Red Leaf Way, Martinez, GA 30907.

39. Upon information and belief, Defendant George Lavoy Graham was the Chief Financial Officer of Defendant Just a Bit of Coin, Ltd from December 2021 to January 2022, a period during which the occurrences giving rise to this action occurred. Defendant George Lavoy Graham may be served at 4622 Country Glen Circle, Grovetown, GA 30813.

40. Upon information and belief, Defendant George Graham, Jr. owned and/or controlled the corporate Defendants Just a Bit of Coin, Ltd., Obsidian Rhino Solutions LLC, and GGK's Log and Trans LLC either solely or in conjunction with other individual Defendants. Defendant George Graham, Jr. may be served at 4622 Country Glen Circle, Grovetown, GA 30813.

41. Defendant Komgrit Dokkum is the Chief Financial Officer of Defendant SDMD Holdings, Inc. Upon information and belief, Defendant Dokkum owns and/or controls the corporate Defendant SDMD Holdings, Inc, either solely or in conjunction with other individual Defendants. Defendant Dokkum may be served at 142 Tierra Vista Court, Bountiful, UT 84010.

42. Because the individual Defendants exercised common management over the Defendant Just a Bit of Coin Ltd and exercised common policies, practices, and oversight of the corporate Defendant, all Defendants are jointly and severally liable for the harms inflicted upon the Plaintiffs.

## FACTUAL BACKGROUND

43. Defendants purported to operate an online business building Bitcoin mining machines ("Machines") in interstate commerce for which they solicited business from all over the United States and at least two other countries.

44. Defendants told Plaintiffs that, in exchange for payment in either U.S. Dollars or cryptocurrency, they would custom build Machines to the purchaser's specifications

45. Defendants then accepted payment purportedly to begin building the Machine that was ordered.

46. Yet, after receiving payment, Defendants told Plaintiffs that their product would be delayed due to COVID-19 Pandemic disruptions.

47. Plaintiff Spindler, for example, paid $230,000.00 to Defendants for a Machine, but he was told during subsequent communications with Defendants that his machine could not be produced because "the parts were on backorder" with a Chinese supplier due to COVID-19 shutdowns in China.

48. This statement was not true, however.

49. Plaintiff Spindler kept in contact with the Defendants, frequently requested updates regarding his order, and maintained a friendly and professional relationship to protect his financial investment, which allowed him to identify the Chinese supplier.

50. After identifying the Chinese supplier, Plaintiff Spindler was able to purchase the parts directly from the supplier with no issue.

51. Defendants failed or refused to provide Plaintiffs with the specific Machine purchased under each contract.

52. Defendants conducted the same operation against all Plaintiffs, such that no Plaintiff has received either the Machine ordered or a refund of their contract price.

53. Plaintiffs have requested refunds or updates on their orders, but Defendants unlawfully refused to process any refund, often making threats or ignoring communications.

54. When a Plaintiff was insistent on a refund, Defendants required payment of a "Refund Processing Fee" that Defendants kept, but Defendants still never returned the initial payments.

55. Defendants continued to brag publicly about the profits made from this fraudulent business, frequently posting and bragging about the endeavor on Facebook.

56. At this time, Plaintiffs have not received either a Machine or a refund from the Defendants.

57. Defendants, upon information and belief, continue to engage in activities that harm Plaintiffs by utilizing multiple legal entities to hide money obtained through unlawful means.

## COUNT I

### CONDUCT AND PARTICIPATION IN A RICO ENTERPRISE THROUGH A PATTERN OF RACKETEERING ACTIVITY

58. Plaintiffs reallege and incorporate herein the allegations contained in Paragraphs 1 through 57 as if they were set forth fully herein.

59. At various times and places, all Defendants associated with a RICO enterprise of individuals who were associated in fact and who engaged in, and whose activities did affect, interstate commerce.

60. Likewise, all Defendants conducted and/or participated in, either directly or indirectly, the conduct of the affairs of said RICO enterprise through a patten of racketeering activity, all in violation of 18 U.S.C. § 1962(c).

61. During the ten calendar years preceding the filing of this action, Defendants cooperated jointly and severally in the commission of two or more of the RICO predicate acts that are itemized in the RICO law at 18 U.S.C. §§ 1961(1)(A) and (B) and did so in violation of the RICO law at 18 U.S.C. 1962(c) (Prohibited activities).

## COUNT II

### VIOLATION OF 18 U.S.C. §§ 1343 AND 1349 – WIRE FRAUD

62. Plaintiffs reallege and incorporate herein the allegations contained in Paragraphs 1 through 61 as if they were set forth fully herein.

63. Specifically, Defendants represented that: (1) They could provide the products requested by Class members, (2) the Machines would be provided within a reasonable time following the order, (3) the Machines would conform to the requested specifications, (4) the Machines would be built and delivered upon payment by the Plaintiffs, (5) the Machines would be delivered after a supplier reopened following a shutdown, and (6) they would provide refunds in exchange for a processing fee.

64. Defendants intended to misrepresent their enterprise to receive payments from Plaintiffs and, upon information and belief, likely continue to do the same to others.

65. By reason of the conduct described herein, Defendants violated, are violating, and continue to violate 18 U.S.C. §§ 1343 and 1349 by executing or conspiring to execute schemes or artifices to defraud, or for obtaining money or property by means of false or fraudulent pretenses with the intent to defraud, and in doing so, transmitting or causing to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce writing, signs, signals, pictures, or sounds for the purpose of executing such schemes or artifices.

66. Upon a showing that Defendants are committing or are about to commit wire fraud, conspiracy to commit wire fraud, or both, Plaintiffs are entitled to a temporary restraining order, a preliminary injunction, and a permanent injunction restraining all future fraudulent conduct and other action that this Court deems just in order to prevent a continuing and substantial injury to the victims of the Defendants pursuant to 18 U.S.C. § 1345.

67. As a further result of the harm to Plaintiffs, Defendants' should be ordered to pay treble damages, attorneys' fees, and costs pursuant to 18 U.S.C. § 1964(c).

## COUNT III

### FRAUD IN THE INDUCEMENT

68. Plaintiffs reallege and incorporate herein the allegations contained in Paragraphs 1 through 67 as if they were set forth fully herein.

69. Defendants made several false representations of material fact regarding the Machines that Plaintiffs attempted to purchase.

70. Specifically, Defendants represented that: (1) They could provide the products requested by Plaintiffs, (2) the Machines would be provided within a reasonable time following the order, (3) the Machines would conform to the requested specifications, (4) the Machines would be built and delivered upon payment by the Plaintiffs, (5) the Machines would be delivered after a supplier reopened following a shutdown, and (6) the Defendants would provide refunds in exchange for a processing fee. Defendants knew these representations were false.

71. Defendants' statements were made for the purpose of and with the intent of inducing Plaintiffs to pay for Machines and/or refunds that Defendants knew they would not produce.

72. Plaintiffs relied on Defendants' misrepresentations and placed orders for Machines, tendered payment to the Defendants, and, in some cases, paid refund processing fees, but Defendants neither produced the Machines nor provided refunds.

73. Defendants provided frequent assurance that the Machines would be delivered, and they threatened those who demanded their money back.

74. Plaintiffs were injured by Defendants' fraudulent misrepresentation and continue to be injured by the Defendants' failure to provide the Machines as requested.

75. In addition to the sums paid to Defendants, Plaintiffs also incurred additional costs to purchase replacement Machines as well as damages in the form of lost profits, legal fees, and costs.

## COUNT IV

## BREACH OF CONTRACT

76. Plaintiffs reallege and incorporate herein the allegations contained in Paragraphs 1 through 75 as if they were set forth fully herein.

77. Defendants made offers to Plaintiffs to sell them custom-built Machines for various amounts of money and promised that, upon payment, the Machines would be delivered.

78. Defendants accepted payment from Plaintiffs for the Machines.

79. Defendants never delivered the ordered Machines.

80. Defendants breached each contract by accepting payment for Machines and, thereafter, failing to deliver the ordered Machines.

81. After Defendants failed to perform, Plaintiffs lost the monies they paid to Defendants and incurred additional expenses to purchase replacement Machines as well as additional damages in the form of lost profits, legal fees, and costs.

## COUNT V

## VIOLATION OF THE KENTUCKY CONSUMER PROTECTION ACT

82. Plaintiffs reallege and incorporate herein the allegations contained in Paragraphs 1 through 81 as if they were set forth fully herein.

83. Plaintiffs are "person(s)" under Ky. Rev. Stat. § 367.110(1).

84. Defendants' transactions with Plaintiffs constitute "trade" and "commerce" pursuant to Ky. Rev. Stat. § 367.110(2).

85. Defendants engaged in "[u]nfair, false, misleading, or deceptive acts or practices in the conduct of any trade or commerce" in violation of Ky. Rev. Stat. § 367.170(1) by fraudulently inducing Plaintiffs into purchasing Machines without the intention of providing said product.

86. Defendants' unfair practices offend public policy and the notions of business and commerce and will continue to harm persons who conduct business with them.

87. As a result of Defendants' actions, Plaintiffs have suffered damages in the form of lost monies they paid to Defendants and incurred additional expenses to purchase replacement Machines as well as additional damages in the form of lost profits, legal fees, and costs.

## COUNT VI

## NEGLIGENCE *PER SE*

88. Plaintiffs reallege and incorporate herein the allegations contained in Paragraphs 1 through 87 as if they were set forth fully herein.

89. Defendants' actions complained of herein violate the provisions of the Kentucky Consumer Protection Act, Ky. Rev. Stat. § 367.110 *et seq.*, as described in Count V.

90. This violation of the Kentucky Consumer Protection Act constitutes negligence *per se* pursuant to common law and/or Ky. Rev. Stat. § 446.070.

## COUNT VII

## NEGLIGENT MISREPRESENTATION

91. Plaintiff reallege and incorporate herein the allegations contained in Paragraphs 1 through 90 as if they were set forth fully herein.

92. Defendants were responsible for managing the contracts and for purchasing or building and shipping Machines to Plaintiffs.

93. Defendants, through their promotion and advertising of their alleged service, made several false representations of material fact regarding the Machines.

94. Specifically, Defendants represented that: (1) They could provide the products requested by Plaintiffs, (2) the Machines would be provided within a reasonable time following the order, (3) the Machines would conform to the requested specifications, (4) the Machines would be built and delivered upon payment by the Plaintiffs, (5) the Machines would be delivered after a supplier reopened following a shutdown, and (6) the Defendants would provide refunds in exchange for a processing fee.

95. Defendants knew those representations were false or recklessly disregarded whether they could perform as promised.

96. Defendants intended to induce Plaintiffs to rely upon these representations so they would tender payment to the Defendants.

97. Plaintiffs justifiably relied on Defendants' misrepresentations and tendered payment to the Defendants to purchase Machines.

98. Plaintiffs were injured when Defendants failed to produce the Machines they purchased.

99. Plaintiffs suffered harm from Defendants' negligent misrepresentations in that they lost the monies they paid to Defendants and incurred additional expenses to purchase replacement Machines as well as additional damages in the form of lost profits, legal fees, and costs.

## COUNT VIII

### UNJUST ENRICHMENT

100. Plaintiffs reallege and incorporate herein the allegations contained in Paragraphs 1 through 99 as if they were set forth fully herein.

101. Defendants requested and received payments for the Machines that Plaintiffs ordered, but Defendants retained the payments without providing the ordered Machines.

102. Defendants, instead, charged a fee to process refund requests, but Defendants still refused to return funds to Plaintiffs.

103. Defendants received a financial benefit by receiving payments and refund processing fees, while also refusing to provide either the ordered machines or to return the payments for those Machines.

104. Defendants were unjustly enriched by retaining these funds without providing any product or service in return.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray for relief as follows:

1. That Defendants be served and required to answer within the time prescribed by law;

2. That a jury of eight try this cause;

3. Declaration, judgment, and decree that the conduct alleged herein:

    i. Constitutes an unreasonable and unlawful act in violation of the Racketeering Influenced Corrupt Organizations Act, 18 U.S.C. § 1961. *et seq,*); and

    ii. Unjustly enriched Defendants;

4. An injunction prohibiting Defendants' from continuing to pursue their unlawful business methods pursuant to 18 U.S.C. § 1345 and Ky. Rev. Stat. § 367.220(1);

5. Damages to the Plaintiffs to the maximum extent allowed under federal law and state law, trebled pursuant to 18 U.S.C. §1964(c) for Counts I and II;

6. An award of compensatory damages to be paid by Defendants, jointly and severally, to Plaintiffs for Defendants' breach of their contractual duties pursuant to Count IV and negligent misrepresentation pursuant to Count VII;

7. An award of punitive damages pursuant to Counts III, IV, V, VI, VI, and VIII;

8. Disgorgement of all sums improperly received by Defendants and restitution of same to Plaintiffs pursuant to all Counts;

9. An award of attorney's fees and costs pursuant to 18 U.S.C. § 1964(c) and Ky. Rev. Stat. § 367.220(3);

10. Pre-Judgment and Post-Judgment interest, as provided by law; and

11. Any and all other and further legal and equitable relief as this Court deems necessary, just, and proper.

    Respectfully submitted,

    __/s D. Wes Sullenger_____
    D. Wes Sullenger, KY BAR # 91861
        TN BPR # 021714
        IL ARDC # 6322019

    Sullenger Law Office, PLLC
    2508 Jackson Street
    Paducah, KY  42003

    Voice: (270) 443-9401
    Fax:    (270) 596-1082

    wes@sullengerfirm.com

*Attorney for the Plaintiffs, Mike Spindler, Carl Canady, Adam Moyers, Brayden Reince, Thomas Barrath, Alexandre Dutrisac, Lance Hunter, Adam Knauer, Arnoldas Kurbanovas, Edward Rojas, Derek Durst, Arnold Villa, Pedro Viteri, Daniel Angeles, Dawid Gazur, Daniel Hyman, Paul Kelly, Scott Smith, Winston Walker, Andrew Alpaugh, Michael Reno, and Randon Prather*

## CERTIFICATE OF SERVICE

I hereby certify that, on this 3rd day of January, 2023, a copy of the foregoing was filed, via the Court's CM/ECF system, and served, via United States Mail, on:

| | | |
|---|---|---|
| Just a Bit of Coin, Ltd<br>c/o Steven Drawdy,<br>Columbia County Detention Center<br>P.O. Box 310<br>Appling, GA 30802 | Mr. Steven Drawdy<br>Columbia County Detention Center<br>P.O. Box 310<br>Appling, GA 30802 | Mr. George Lavoy Graham<br>4622 Country Glen Circle<br>Grovetown, GA  30813 |
| SDMD Holdings, Inc.<br>c/o Steven Drawdy<br>Columbia County Detention Center<br>P.O. Box 310<br>Appling, GA 30802 | Obsidian Rhino Solutions LLC<br>c/o George Graham, Jr.<br>4622 Country Glen Circle<br>Grovetown, GA 30813 | GGK's Log and Trans LLC<br>c/o George Lavoy Graham<br>4622 Country Glen Circle<br>Grovetown, GA  30813 |
| Mr. Donald Drawdy<br>4669 Red Leaf Way<br>Martinez, GA  30907 | Ms. Joann Drawdy<br>4669 Red Leaf Way,<br>Martinez, GA  30907 | Mr. George Graham, Jr.<br>4622 Country Glen Circle<br>Grovetown, GA  30813 |
| Mr. Komgrit Dokkum<br>142 Tierra Vista Court<br>Bountiful, UT  84010 | | |

/s D. Wes Sullenger
D. Wes Sullenger