# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION

**MIKE SPINDLER, ET AL.**     **PLAINTIFFS**

**v.**     **No. 5:22-cv-137-BJB**

**JUST A BIT OF COIN, LTD., ET AL.**     **DEFENDANTS**

## MEMORANDUM OPINION & ORDER

Plaintiffs are a group of individual investors who say they were defrauded when they paid Just a Bit of Coin for bitcoin-mining machines that never materialized. In their First Amended Complaint (DN 14), they assert eight claims against ten separate Defendants: RICO violations, federal wire fraud, common law fraud, breach of contract, negligence per se, negligent misrepresentation, unjust enrichment, and violations of the Kentucky Consumer Protection Act. Two of the Defendants, Donald and Joann Drawdy—uncle and aunt of the alleged mastermind, who is now under indictment in Georgia—filed a pro se motion to dismiss the claims against them. Motion to Dismiss (DN 18). They contend that they were only briefly listed as officers of the company, are elderly and infirm, and are in fact victims of their nephew's scheme. *Id.*

The Court took this up at a telephonic hearing scheduled to address this motion as well as Plaintiffs' request for a default judgment against five of the Defendants. DNs 26, 27.[1] No one showed up on behalf of any Defendant. Although the Court initially declined to grant the motion to dismiss on the basis that recovery against the Drawdys based on the amended pleadings didn't seem entirely implausible, further reflection reveals that the motion should be granted.

The amended complaint mentions the Drawdys in only three paragraphs. One is entirely conclusory: because Donald and Joann Drawdy, along with others, allegedly owned or controlled Just a Bit of Coin, these individual defendants purportedly amount to alter egos of the corporation. Amended Complaint ¶ 7.[2] No basis for the Plaintiffs' assertion regarding ownership and controlling is evident—

---

[1] As explained on the record during the hearing, the Court orally denied—on procedural grounds and without prejudice—Plaintiffs' motion for default judgment.

[2] This "alter ego" status in turn supports personal jurisdiction over these out-of-state defendants, according to the Plaintiffs, for reasons not elaborated in the amended complaint. ¶ 7. The Drawdys don't challenge this Court's jurisdiction over them.

just their "information and belief." *Id.* Nor do the pleadings offer any indication why, as a matter of fact or law, partial ownership or control would amount to alter-ego status. To be sure, two paragraphs note that unidentified corporate documents listed Donald and Joann Drawdy as officers of Just a Bit of Coin. ¶¶ 37–38. But the complaint alleges nothing else about their involvement in the company, awareness of the alleged fraud, relationship with their nephew, or communications with anyone at the company—to say nothing of communications with any of the Plaintiffs.

Given the thin nature of these allegations, four claims easily fail under the heightened standard for pleading fraud-related claims: federal wire fraud, fraud in the inducement, negligent misrepresentation, and RICO. Federal Rule of Civil Procedure 9(b) requires plaintiffs, "[i]n alleging fraud or mistake," to "state with particularity the circumstances constituting fraud or mistake." This standard applies to all four of these claims.[3] The Sixth Circuit reads Rule 9(b) to require, at a minimum, allegations of "the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent; and the injury resulting from the fraud." *See Coffey v. Foamex L.P.*, 2 F.3d 157, 161–62 (6th Cir. 1993) (quoting *Ballan v. Upjohn Co.*, 814 F. Supp. 1375, 1385 (W.D. Mich. 1992)). A complaint should provide fair notice to Defendants and enable them to "prepare an informed pleading responsive to the specific allegations of fraud." *Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 322 (6th Cir. 1999); *see, e.g.*, *United States ex rel. Branhan v. Mercy Health Sys. of Sw. Ohio*, No. 98–3127, 1999 WL 618018, at * 1 (6th Cir. Aug. 5, 1999) (affirming dismissal because complaint "failed to allege a single specific incident in which improper billing occurred and the plaintiff never set forth the dates, times, or the names of individuals who engaged in the alleged improper billing"). The Plaintiffs in this case have likewise alleged no such details.

The remaining four claims are breach of contract, violation of the Kentucky Consumer Protection Act, negligence per se, and unjust enrichment. Although Rule 9's heightened pleading standard doesn't apply, the allegations against the Drawdys still fail under the standard federal-court pleading requirements of Rule 8. To survive a motion to dismiss, plaintiffs must allege plausible, non-conclusory facts that would support a finding of liability if proven true. Reciting threadbare elements of claims and conclusory statements of liability isn't enough. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). Regardless, the Plaintiffs have not even done that with respect to their claims against the Drawdys. This is not a "the-defendant-unlawfully-

---

[3] Rule 9(b)'s standard applies to other claims that sound in fraud, even if not expressly denominated in those terms. *See Republic Bank & Tr. Co. v. Bear Stearns & Co.*, 683 F.3d 239, 247 (6th Cir. 2012) (Rule 9(b) applies to Kentucky common-law claims for negligent misrepresentation); *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 403 (6th Cir. 2012) (Rule 9(b) applies to RICO claims).

harmed-me accusation" (which would also fail), *see id.*, at 678, but rather a "the-*company*-affiliated-with-the-defendant-unlawfully-harmed-me" accusation.

The mere assertion that defendants were listed as officers on documents of incorporation, without more, wouldn't support liability on the part of the Drawdys even assuming that fact is true. Nothing in the Plaintiffs' response to the motion to dismiss explains why this might suffice to create liability for officers under any of the torts or other claims they assert. In fact, basic presumptions of common- and corporate-law point the opposite way. Typically, a "corporate officer is not personally liable for torts committed by others on behalf of the corporation solely by virtue of his or her status as a corporate officer." *Campers' World Int'l v. Perry Ellis Int'l*, No. 02-cv-453, 2002 WL 1870243, at *5 (S.D.N.Y. Aug. 13, 2002). Although in some circumstances officers may be held liable for the torts or violations of a corporation, the Plaintiffs haven't alleged anything regarding the Drawdys' control, involvement, or direction of the acts they accuse the company of taking. *See id.* (pleadings lacked facts demonstrating officer's participation in or actual knowledge of alleged corporate fraud); *Kuklachev v. Gelfman*, No. 08-cv-2214, 2009 WL 804095, at *14 (E.D.N.Y. Mar. 25, 2009) (pleadings "alleged only that defendants held certain titles without alleging that [they] authorized or approved any allegedly infringing actions"); *Lee Myles Auto Group v. Fiorillo*, No. 10-cv-6267, 2010 WL 3466687, at *7 (S.D.N.Y. Aug. 25, 2010) (similar); *Segment Consulting Mgmt. v. Bliss Nutraceticals*, No. 1:20-cv-1837, 2022 WL 252309, at *6 (N.D. Ga. Jan. 27, 2022) (pleadings "boil[ed] down to their titles … and the bare legal conclusion that they 'participated in the tortious conduct … at various times and in various ways'"); *Diaz v. Doctors Best Weight Loss & Wellness Ctr., LLC*, No. 21-cv-22386, 2021 WL 4502292, at *7 (S.D. Fla. Oct. 1, 2021) (pleadings merely alleged Defendant participated in and was driving force behind wrongful conduct).

Based on the pleadings as they currently stand, and counsel's acknowledgement that discovery would be necessary to understand the Drawdys' role in the alleged scheme, the Court must grant the motion to dismiss. But the dismissal is without prejudice in the event the Plaintiffs maintain that further amendment is warranted under Rules 8, 9, and 15 such that good-faith factual allegations would plausibly support the liability of these two Defendants.

Benjamin Beaton, District Judge
United States District Court

January 31, 2024

3